[Crim. No. 3008.   Third Dist.   July 7, 1960.]

THE PEOPLE, Respondent, v. CHARLES EDWIN
BROWN, Appellant.

John P. Thomas for Appellant.

Stanley Mosk, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

VAN DYKE, P. J.—This is an appeal from a judgment entered upon a jury's verdict which found appellant guilty of second degree burglary. No brief has been filed in support of his appeal. At his request an attorney was appointed to represent appellant herein who has informed the court that in his opinion the appeal lacks merit. Thereafter this court made an independent study of the entire record and after such study we agree with appointed counsel. The record discloses one tenable contention of error, but in view of the entire record we have concluded that it is not sufficient to justify a reversal under the constitutional admonition.

At approximately 3 o'clock in the morning of November 18, 1958, the Vallejo police were called to a small restaurant which the owner had closed and locked less than an hour before, taking with him all money, except pennies, which had

been in the cash register. The officer who first arrived at the scene apprehended appellant and one Roy Morgan just as they emerged from the burglarized building. Morgan admitted that he had broken into the building for the purpose of committing burglary. He was carrying out a large quantity of coins recovered from pinball and vending machines, together with cigarettes and lighters, all of which he admitted he had stolen while in the building. No identifiable stolen goods were found upon appellant's person.

At the trial both Morgan and appellant testified that on the evening of November 17th they had been drinking with one Joe Valentine in Oakland; that appellant fell asleep in the back seat of Valentine's car after the three had left their rendezvous. Morgan testified that while appellant slept, he and Valentine planned the burglary and drove to Vallejo to commit it; that appellant was still sleeping when he and Valentine forced a back door of the restaurant. Appellant testified that when he woke up Valentine, who had returned to the car, told him that Morgan was burglarizing the restaurant, whereupon appellant said he went to the restaurant to get Morgan to leave, as he, appellant, did not want to be connected with the crime. This explanation as to appellant's innocence from participation in the admitted burglary was obviously disbelieved by the jury, since otherwise they would not have convicted him. Appellant was charged with two prior convictions, one forgery, the other burglary. He had served prison terms for both. Appellant admitted the charge of two prior felony convictions, and on taking the stand to testify in his own behalf he admitted the same before the jury. Appellant's testimony varied from that of the officers. Appellant said that when he went to persuade Morgan to come out of the building he did not go into the building; that as he stood near the point where Morgan had entered he was arrested. The officers, however, testified that Morgan came out of the building first; that appellant followed him and both were arrested. In an extrajudicial statement made after the arrest, appellant, according to one of the officers, said that he and Morgan had been brought to Vallejo by two other persons. It is apparent that the evidence is amply sufficient to justify appellant's conviction.

█ There was error in the giving of instructions. The court told the jury that:

"In every crime or public offense there must exist a union, or joint operation, of act and intent, or criminal negli-

gence. . . . A malicious and guilty intent is always presumed, from the deliberate commission of any unlawful act for the purpose of injuring another.''

The court further gave an instruction defining burglary in the language of section 459 of the Penal Code, as follows:

'' 'Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building . . . with intent to commit grand or petit larceny or any felony is guilty of burglary.' ''

This instruction also was given: ''Every person who enters any room, shop, store, restaurant, or other building, with intent to unlawfully steal, take and carry away the personal property of another of any value, is guilty of burglary. The essence of a burglary is entering a place such as I have mentioned with such specific intent; and the crime is complete as soon as the entry is made, regardless of whether the intent thereafter is carried out.''

The giving of the instruction that a malicious and guilty intent is always presumed from the deliberate commission of any unlawful act in a case where the unlawfulness of the act, as in this case, depends on the specific intent was condemned in *People* v. *Simms,* 144 Cal.App.2d 189, 195 [300 P.2d 898]. Said the court there:

''The possible confusion of the jury was compounded by the . . . instruction that there is a presumption of intent from the commission of an unlawful act. Where the unlawfulness of the act depends on the specific intent it is reasoning in a circle to say that unlawful intent is to be presumed from the commission of an unlawful act. . . .

''The correct instruction advised them that the defendant must have intended to defraud the person named. It did not advise them how they should determine the fact of such intent. But the second instruction advised them that the commission of the unlawful act created a presumption of unlawful intent. Following the two instructions the jury might well conclude that if the representations were in fact false the presumption required a finding of the specific intent, which is contrary to all the decided cases.''

Notwithstanding the error in instructions we do not believe the judgment appealed from ought to be reversed. If this jury believed the testimony of appellant he would not have been convicted. If they disbelieved his testimony then we think they would have convicted if correct instructions on intent had been given. We do not believe that the error in instruc-

tions brought about the conviction or that a verdict of not guilty would probably have been reached had the jury been correctly instructed on the subject of intent.

For the reasons given, the judgment appealed from is affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.